# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2738

_____

Debra St. John,                         *

                                       *

          Appellant,       *   Appeal from the United States
                                       *   District Court for the District
      v.                        *    of South Dakota.
                                       *

United States of America,   *      [UNPUBLISHED]
                                       *

          Appellee.        *

_____

Submitted:  March 11, 2003

Filed:  March 17, 2003

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Debra St. John brought suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 (2000), alleging Richard Coleman, her ex-husband, falsely arrested and imprisoned her and sexually assaulted her in the scope of his employment as a Bureau of Indian Affairs (BIA) police officer.  The district court[*] found for St. John on the false arrest and imprisonment claims and awarded her $3000.00 in damages.  On appeal we affirmed in part, upholding the judgment and award based on St. John's

_____

[*]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

false arrest and imprisonment claims, and reversed in part, remanding for factual findings about whether the alleged sexual assault occurred in the scope of Coleman's employment. St. John v. United States, 240 F.3d 671, 678-79 (8th Cir. 2001). Specifically, we informed the district court that it was impossible for this court to decide whether Coleman, who earlier arrested and jailed St. John, was acting within the scope of his employment without knowing whether he threatened her with rearrest to compel her to enter his truck after he released her from jail, thus coercing her to accompany him to an out-of-the-way place where the sexual incident occurred. Id. at 677.

On remand, the district court was faced with diametrically opposed accounts: St. John claimed Coleman threatened to put her back in jail if she did not get into his truck, and Coleman claimed he made no such threat and St. John willingly entered and rode away in his truck. Recognizing it was faced with a critical credibility determination, the district court carefully explained why it resolved the testimonial conflict in Coleman's favor, and thus dismissed the sexual assault charge because Coleman was not acting in the scope of his employment during the sexual incident.

On appeal, St. John claims the district court's finding was clearly erroneous. We disagree. Because St. John essentially seeks our "reevaluation of the evidence and rejection of the district court's factual finding[]," an extended discussion of the issue presented by this appeal would serve no useful purpose. Craft v. Metromedia, Inc., 766 F.2d 1205, 1211 (8th Cir. 1985). In this circuit, it is well established that a finding based on the district court's credibility determination to believe the live testimony of one of two contradictory witnesses "can virtually never be clear error." Bush v. Marshalltown Med. & Surgical Ctr., 123 F.3d 1130, 1134 (8th Cir. 1997); see Craft, 766 F.2d at 1212. Thus, having concluded the district court's finding is not clearly erroneous and the sexual incident occurred outside the scope of Coleman's employment, we do not reach the issue of whether the sexual incident was consensual or not.

Having carefully considered St. John's contention and finding it to be without merit, we affirm the district court's dismissal of St. John's sexual assault claim.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.